UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80879-McCabe

ALEXANDER HOWELL-FEDOROV, et al,

     Plaintiffs,

v.

BANK OF AMERICA, N.A.,

     Defendant.

_____/

## REPORT & RECOMMENDATION

This CAUSE comes before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order ("TRO").  (DE 1).  For the reasons set forth below, the Court **RECOMMENDS** that the motion be **DENIED**.

## I.    BACKGROUND

This is a foreclosure case stemming from allegations of defective assignment.  (DE 1 at 1-2).  By way of this motion, Plaintiffs, proceeding pro se, request a TRO to prevent Bank of America, N.A. ("the Bank") from foreclosing on their home in Loxahatchee Groves, Florida.  (DE 1 at 1-3).  Plaintiffs contend that the foreclosure stems from defective mortgage assignments that render the Bank's foreclosure authority invalid.  (DE 1 at 1-2).  The foreclosure sale is scheduled for July 17, 2025.  (DE 1 at 2).

## II.    DISCUSSION

A party seeking a TRO must adhere to the requirements of Fed. R. Civ. P. 65(b)(1), which provides as follows:

(b) Temporary Restraining Order

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an **affidavit or a verified complaint** clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney **certifies in writing any efforts made to give notice and the reasons why it should not be required**.

(emphasis added).

As other courts have noted, "the requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process." *Woodard-CM, LLC v. Sunlord Leisure Products, Inc.*, No. 20-23104-CIV, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020).  As such, courts routinely deny requests for TROs based on the failure to comply with the requirements of this rule.  *See id.* (denying TRO and preliminary injunction without prejudice because Plaintiff's attorney failed to comply with subsection (b)(1)(B)); *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-CV-20601, 2020 WL 733037, at *3 (S.D. Fla. Feb. 13, 2020) (denying TRO because "an ex parte temporary restraining order is an extreme remedy to be used only with the utmost caution…[and] the Court is unwilling to grant such relief in light of these [notice] deficiencies") (cleaned up); *Kazal v. Price*, No. 8:17-cv-2945-T-23AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying TRO in part because "[t]he plaintiffs' attorneys fail[ed] to submit an affidavit certifying an effort to notify [the defendant] about the motion and fail[ed] to explain the necessity for an ex parte order") (cleaned up).

In this instance, Plaintiffs' motion fails to comply with two of the requirements of Rule 65(b)(1).  First, it lacks an affidavit or verified complaint, as required by subsection (b)(1)(A). Second, it lacks a certification in writing of the efforts made to give notice and the reasons why such notice should not be required, as required by subsection (b)(1)(B).  As such, no TRO can be issued.

### III.     <u>CONCLUSION & NOTICE OF RIGHT TO OBJECT</u>

For the reasons stated above, the undersigned recommends that the request for TRO be

**DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this

Report and Recommendation within which to file written objections, if any, with the United States

District Judge.  Failure to file objections timely shall bar the parties from a de novo determination

by the District Judge of an issue covered in the Report and Recommendation and shall bar the

parties from attacking on appeal unobjected-to factual and legal conclusions contained in this

Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern

District of Florida, this 14th day of July 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE